IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
IOWA CENTRAL DIVISION

| | |
|---|---|
| JODY L. GIBSON,<br><br>        PLAINTIFF,<br><br>vs.<br><br>I.C. SYSTEM, INC.<br>        DEFENDANT. | **Civil Action No.**<br><br>**COMPLAINT and DEMAND FOR JURY TRIAL** |

NOW COMES the Plaintiff, Jody L. Gibson ("Plaintiff" or "Gibson") by and through her attorney, L. Ashley Zubal, and for her Complaint against the Defendant, I.C. System, Inc. (hereinafter "Defendant" or "I.C. System"), alleges as follows:

## I.    INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq, (hereinafter "FDCPA") and the Iowa Debt Collection Practices Act, § 537.7103, et seq, (hereinafter "IDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## II.    JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## III.    PARTIES

3. Plaintiff, Jody L. Gibson, is a natural person residing in Des Moines, Iowa.
4. Defendant, I.C. System, Inc., is a business engaged in the collection of debts owed to another in the state of Iowa.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). Plaintiff is a "debtor" as that term is defined by Iowa Code § 537.7102(6).

6. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Iowa Code § 537.7102(5).

7. At some point in time, the Plaintiff incurred a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Iowa Code § 537.7102(3), to Sprint, which was used for personal, family, or household use.

8. Sometime thereafter, the debt was sold, assigned, or otherwise transferred to the Defendant for collection.

9. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## IV.   FACTUAL ALLEGATIONS

10. During March, 2010, the Plaintiff was contacted by a representative of the Defendant by the name of "Mindy." Mindy stated Ms. Gibson owed a debt to Sprint and needed to make immediate payment. Ms. Gibson agreed that she would make a payment in the amount of $60.00 by Friday, March 19, 2010.

11. On March 19, 2010, Ms. Gibson contacted the Defendant to make a payment. She spoke with a male representative. Ms. Gibson expressed that she would like to make a $60.00 payment with her debit card as agreed with Mindy. The representative stated it would be $65.00 with service fee. Ms. Gibson expressed that $60.00 was the agreement and that was all she could pay. The male representative finally agreed but stated that she would have to make another payment of $150.00 within a week or Sprint would apply a disconnect fee.

12. On March 23, 2010, the Plaintiff's husband, Harry Gibson, became aware that the US Bank checking account he shared with Ms. Gibson was overdrawn. This caused the check he had written to MidAmerican the night before to bounce. After reviewing the transactions, it became apparent that I.C. System had made a withdrawal in the amount of $259.94 rather than the $60.00 agreed upon.

13. The Plaintiff immediately contacted I.C. System and US Bank on March 23, 2010 to explain what had occurred. The Plaintiff spoke with two different supervisors of Defendant, an "Amanda" and "Michelle." Representatives of I.C. System agreed to credit back the Plaintiff's

checking account for the amount withdrawn as well as cover any overdraft charges or penalty fees the Plaintiff incurred due to the unauthorized withdrawal. The Plaintiff was told by Defendant's representative that the credit would occur within 24 to 48 hours. Representatives of Defendant also requested a fax from US Bank identifying any and all overdraft charges and other fees to be reimbursed.

14. The Plaintiff began working with a "Mike" at US Bank to assist her in having the checking account credited by I.C. System. On March 24, 2010, Mike faxed over to I.C. System an itemization of all charges and fees the Plaintiff incurred. Notwithstanding return fax receipts, Mike had to fax I.C. System on numerous occasions as I.C. System continued to represent they had not received the faxes.

15. On March 29, 2010, the Defendant refunded the Plaintiff's checking account in the amount of $259.94. The Defendant failed to reimburse the Plaintiff's checking account for fees and charges incurred which amounted to approximately $765.00.

16. Over the course of three weeks, the Plaintiff along with Mike from US Bank continued to contact I.C. System's payment center multiple times a week to check on I.C. System's progress into covering the fees and charges. Representatives of I.C. System consistently told Mike that they would take care of the problem and credit the Plaintiff's account. On the other hand, representatives of the Defendant consistently represented to the Plaintiff that US Bank expressed that they would credit the Plaintiff's account.

17. Eventually US Bank agreed to credit the Plaintiff's account for additional fees and charges. Further, during the time the Plaintiff and US Bank attempted to correct I.C. System's mistake, a different department of US Bank continued to threaten to put the Plaintiff's account in collections due to multiple overdraft charges and fees, a result of Defendant's unauthorized withdrawal.

18. Shortly after I.C. System had withdrawn an unauthorized amount from Plaintiff's checking account, the Plaintiff contacted the original creditor, Sprint, directly. Contrary to what I.C. System's representatives stated to Plaintiff, a representative of Sprint, Jesus, advised that the Plaintiff could pay them directly, that a disconnect fee would not be applied until after April 27th, 2010. The Plaintiff began remitting payment to Sprint directly.

19. The Plaintiff explained to I.C. System that she was paying Sprint directly and that she would only communicate with I.C. System for purposes of crediting her checking account.

Throughout the end of March and throughout April and May, I.C. System continued to place calls to the Plaintiff in an attempt to collect a debt.

20. Approximately four to five days after Plaintiff realized her account was overdrawn by I.C. System, the Plaintiff at one time used her daughter, Jessica Gibson, and her husband, Harry Gibson's cell phone to contact I.C. System as her phone was shut off. I.C. System then began calling the Plaintiff's daughter and husband's cell phones on a daily basis. The Plaintiff contacted I.C. System and requested they cease and desist contacting her daughter and husband's cell phone. Throughout the month of April, 2010 and May, 2010, Jessica Gibson and Harry Gibson continued to receive calls from the Defendant despite their repeated requests to cease as well as the Plaintiff's request to cease.

21. As a result of the above-referenced communications and actions of the Defendant, the Plaintiff has experienced the following damages including, but not limited to: embarrassment, humiliation, frustration, anger, stress, loss of sleep and anxiety.

## V.  FIRST CLAIM FOR RELIEF: VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

22. The Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 21.

23. I.C. System, Inc. and its agents violated the FDCPA through the foregoing acts and omissions including, but not limited to:

   a. The Defendant violated 15 U.S.C. § 1692g(a) by failing to provide the Plaintiff within five days of the initial verbal communication, the amount of the debt, the name of the creditor, and notice that within 30 days of that communication, the Plaintiff could dispute the debt and request verification of the debt.

   b. The Defendant violated 15 U.S.C. §§ 1692b(2); b(3) by disclosing information with regard to the debt to third parties and by contacting the same third party on more than one occasion without a request to do so.

   c. The Defendant violated 15 U.S.C. § 1692c(b) by contacting third parties in connection with the collection of any debt, without the express permission of the Plaintiff, for purposes other than verifying the location of the Plaintiff.

  d. The Defendant violated 15 U.S.C. § 1692d(5) by engaging in behavior the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

  e. The Defendant violated 15 U.S.C. § 1692e(2)(a) through a false misrepresentation of the character, amount, or legal status of the debt.

  f. The Defendant violated 15 U.S.C. § 1692e(10) through the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

  g. The Defendant violated 15 U.S.C. § 1692f through the use of unfair or unconscionable means to collect or attempt to collect a debt.

24. The Plaintiff is entitled to statutory damages up to $1,000.00 for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A).

25. The Plaintiff is entitled to actual damages for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(1).

26. The Plaintiff is entitled to an award of the costs of this action and reasonable attorney fees for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3).

## VI. SECOND CLAIM FOR RELIEF: VIOLATION OF THE IOWA DEBT COLLECTION PRACTICES ACT (IDCPA)

27. The Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 21.

28. I.C. System, Inc. and its agents violated the IDCPA through the foregoing acts and omissions including, but not limited to:

  a. The Defendant violated Iowa Code § 537.7103(1)(f) by violating 15 U.S.C. §§ 1692g(a); 1692b(2)(3); 1692c(b); 1692d(5); 1692e(2)(a); 1692e(10); and 1692f.

  b. The Defendant violated Iowa Code § 537.7103(2)(d) by causing a telephone to ring or engaging a person in telephone conversation repeatedly or continuously or at unusual times known to be inconvenient, with the intent to annoy, harass or threaten a person.

  c. The Defendant violated Iowa Code § 537.7103(4)(e) through a false misrepresentation of the character, extent or amount of a debt, or of its legal status.

29. The Plaintiff is entitled to statutory damages ranging from $100.00 to $1,000.00 for Defendant's violations of the IDCPA pursuant to § 537.5201(1)(y).

30. The Plaintiff is entitled to actual damages for Defendant's violations of the IDCPA pursuant to § 537.5201(1)(y).

31. The Plaintiff is entitled to an award of the costs of this action and reasonable attorney fees for Defendant's violations of the IDCPA pursuant to § 537.5201(8).

**WHEREFORE,** the Plaintiff prays that judgment be entered against the Defendant, that the Plaintiff be awarded statutory damages, actual damages, the cost of this action along with reasonable attorney fees, and for such other relief as the Court deems appropriate in the circumstances.

## VII. JURY DEMAND

The Plaintiff prays a trial by jury.

Respectfully submitted,

/s/ L. Ashley Zubal
L. Ashley Zubal IS9998256
Marks Law Firm, P.C.
4225 University Avenue
Des Moines, IA 50311
(515) 276-7211
(515) 276-6280
ATTORNEY FOR PLAINTIFF